Parminder KAUR, Petitioner,

v.

Michael B. MUKASEY, Attorney General, Respondent.

No. 05–70816.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 18, 2008.

Filed Dec. 4, 2008.

Garish Sarin, Esquire, Law Offices Of Garish Sarin, Los Angeles, CA, for Petitioner.

Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Anh–Thu P. Mai–Windle, Senior Litigation Counsel, Richard M. Evans, Esquire, Assistant Director, Joan E. Smiley, Esquire, DOJ—U.S. Department of Justice, Washington, DC, Daniel Pinkston, Esquire, Senior Litigation, U.S. Department of Justice, Denver, CO, for Respondent.

Before: CANBY and WARDLAW, Circuit Judges, and TRAGER,* District Judge.

## MEMORANDUM **

Parminder Kaur, a native and citizen of India, petitions for review of a decision of the Board of Immigration Appeals ("BIA") summarily affirming an Immigration Judge's ("IJ") denial of her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. "When, as here, the BIA adopts the decision of the IJ, we review the IJ's decision as if it were that of the BIA." *Hoque v. Ashcroft,* 367 F.3d 1190, 1194 (9th Cir.2004). We grant the petition for review and remand.

We review adverse credibility findings under the substantial evidence standard. *Rivera v. Mukasey,* 508 F.3d 1271, 1274 (9th Cir.2007). Under this standard, credibility findings will be upheld unless the evidence compels a contrary conclusion. *Malhi v. INS,* 336 F.3d 989, 993 (9th Cir. 2003). False statements or inconsistencies "must be viewed in light of all the evidence presented in the case." *Kaur v. Gonzales,* 418 F.3d 1061, 1066 (9th Cir.2005). We do not "accept blindly an IJ's conclusion that a petitioner is not credible," but must "examine the record to see whether substantial evidence supports that conclusion and determine whether the reasoning employed by the IJ is fatally flawed." *Gui v. INS,* 280 F.3d 1217, 1225 (9th Cir.2002) (internal quotation marks omitted). An IJ must articulate a legitimate basis to question the applicant's credibility, and must offer specific and cogent reasons for any stated disbelief. *Id.; see Rivera,* 508 F.3d at 1275.

We conclude that the IJ's adverse credibility finding is not supported by substantial evidence. First, the IJ's conclusion that Kaur's claim was undermined by her unresponsiveness and "evasive" demeanor when asked to testify about her rape is based on speculation about how a rape victim should respond and cannot support an adverse credibility finding. *See Lopez–Umanzor v. Gonzales,* 405 F.3d 1049, 1054–55 (9th Cir.2005). The IJ failed to consider the possibility that Kaur's refusal to answer these questions was affected by cultural factors. *See Abovian v. INS,* 219 F.3d 972, 979 (9th Cir.2000) ("Non-evidence based assumptions about conduct in the context of other cultures must be closely scrutinized . . . ." (internal citations omitted)). The Country Report for India supports the conclusion that Kaur's unresponsiveness was connected to Indian cultural attitudes regarding rape. U.S. Dep't of State, India: Country Reports on Human Rights Practices—2003, http://www.state.gov/g/drl/rls/hrrpt/2003/27947.htm ("[M]any rapes were unreported due

* The Honorable David G. Trager, Senior United States District Judge for the Eastern District of New York, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

to a sense of shame and a fear of retribution among victims.").

Second, Kaur adequately described the room in which she was sexually assaulted as small and dark with one window and one door, and reasonably explained that she could not remember anything else. *See Kaur v. Ashcroft,* 379 F.3d 876, 887–88 (9th Cir.2004) (holding alien's description adequate where he answered follow-up questions and the IJ's expectations for specificity were based upon speculation).

Third, the inconsistencies that the IJ cited do not form an adequate basis for the decision because they are of minor import and do not go to the heart of Kaur's claim. *See Singh v. Ashcroft,* 301 F.3d 1109, 1111–12 (9th Cir.2002).

Fourth, Kaur's failure to provide witness testimony, rather than a written affidavit, is not a valid basis for an adverse credibility finding. *See Gui,* 280 F.3d at 1227 (holding that where petitioner provides some corroborating evidence, "his failure to produce still more supporting evidence should not be held against him").

Finally, the U.S. Department of State's Country Report for India is not inconsistent with Kaur's testimony, but states that custodial rape is part of a pattern of broader custodial abuse. Nothing in the Country Report contradicts Kaur's story, and there is much to corroborate it. The IJ failed to conduct an individualized analysis of Kaur's situation as required, and thus cannot discredit her testimony on the basis of the Report. *See Shah v. INS,* 220 F.3d 1062, 1069 (9th Cir.2000).

Accordingly, we grant the petition for review and remand to the BIA to determine whether, with Kaur's testimony accepted as credible, she is eligible for relief.

* The panel unanimously finds this case suitable for decision without oral argument. Fed.

*See INS v. Orlando Ventura,* 537 U.S. 12, 16–17, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam).

**PETITION FOR REVIEW GRANTED; REMANDED.**

